☙JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Calvin Davis, Ricardo Rolon, Carlos Reyes, Kirk Henson, David Harvey, James Brown, Chandar Bingham, Maurice Pope

**(b)** County of Residence of First Listed Plaintiff   Schuylkill
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jennifer McHugh, Arnold C. Joseph, Cozen O'Connor, 1900 Market Street, Philadelphia, Pennsylvania  19103 (215) 665-2000

## DEFENDANTS

United States of America

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1346; 28 U.S.C. Section 2671; 28 U.S.C. Section 2675

Brief description of cause:
Recover for injuries caused by Defendant's failure to protect Plaintiffs from contracting infectious diseases

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ in excess of $75,000    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  3/26/06

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                                                                                        Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

Calvin Davis, Ricardo Rolon, Carlos Reyes,
Kirk Henson, David Harvey, James Brown,
Chandar Bingham, Maurice Pope
V.
UNITED STATES OF AMERICA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

Northeast Regional Office
Federal Bureau of Prisons
2nd and Chestnut Street
Seventh Floor
Philadelphia, Pennsylvania  19106

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jennifer M. McHugh
Arnold C. Joseph
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania  19103

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

CLERK _____

DATE _____

(By) DEPUTY CLERK _____

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                      Date                                  *Signature of Server*


                                        _____
                                                     *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**(WILKES-BARRE DIVISION)**

CALVIN DAVIS,                                              )
Federal Correctional Institution                          )
Minersville, Pennsylvania  17954                          )
and                                                       )
RICARDO ROLON,                                            )
Federal Correctional Institution                          )
Minersville, Pennsylvania  17954                          )
and                                                       )
CARLOS REYES                                              )       Civil Action No.:
Federal Correctional Institution                          )
Minersville, Pennsylvania  17954                          )
and                                                       )
KIRK  HENSON,                                             )
Federal Correctional Institution                          )
Minersville, Pennsylvania  17954                          )
and                                                       )
DAVID HARVEY                                              )
Federal Correctional Institution                          )
Minersville, Pennsylvania  17954                          )
and                                                       )
JAMES BROWN                                               )
State Correctional Institution                            )
Camp Hill                                                 )
Cumberland County, Pennsylvania                           )
and                                                       )
CHANDAR BINGHAM                                           )
United States Penitentiary                                )
Pollock, Louisiana  71467                                 )
and                                                       )
MAURICE POPE                                              )
1215 Meigs Place NE                                       )
Apartment 4                                               )
Washington, DC  20032                                     )
            Plaintiffs,                                   )
                                                          )
vs.                                                       )
                                                          )
UNITED STATES OF AMERICA,                                 )
            Defendant.

## COMPLAINT

Plaintiffs, Calvin Davis, Ricardo Rolon, Carlos Reyes, Kirk Henson, David Harvey, James Brown, Chandar Bingham and Maurice Pope, by and through their counsel, hereby file this Complaint against Defendant, United States of America, as follows:

## I.   JURISDICTION AND VENUE

1.   This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, 28 U.S.C. § 2671 and 28 U.S.C. § 2675 and jurisdiction is properly within this Court.

2.   Pursuant to U.S.C. § 2675 (a), the claims set forth herein were presented to the Northeast Regional office of the Federal Bureau of Prisons in June 2006.  The agency denied the claims in January 2007.

3.   The facts and circumstances giving rise to the cause of action occurred while Plaintiffs were inmates at the Federal Correctional Institution located in Minersville,  Schuylkill County, Pennsylvania, therefore venue is proper in this Court pursuant to 28 U.S.C. § 1391 (e).

## II.   PARTIES

4.   Plaintiff Calvin Davis, is an adult individual and inmate, who currently resides at the Federal Correctional Institution, located in Minersville, Schuylkill County, Pennsylvania 17954.

5.   Plaintiff Ricardo Rolon, is an adult individual and inmate, who currently resides at the Federal Correctional Institution, located in Minersville, Schuylkill County, Pennsylvania 17954.

2

6.      Plaintiff Carlos Reyes, is an adult individual and inmate, who currently resides at the Federal Correctional Institution, located in Minersville, Schuylkill County, Pennsylvania 17954.

7.      Plaintiff Kirk Henson, is an adult individual and inmate, who currently resides at the Federal Correctional Institution, located in Minersville, Schuylkill County, Pennsylvania 17954.

8.      Plaintiff David Harvey, is an adult individual and inmate, who currently resides at the Federal Correctional Institution, located in Minersville, Schuylkill County, Pennsylvania 17954.

9.      Plaintiff James Brown, is an adult individual and former inmate of the Federal Correctional Institution, located in Minersville, Schuylkill County, Pennsylvania, who is currently an inmate at the State Correctional Institution, located in Camp Hill, Cumberland County, Pennsylvania.

10.     Plaintiff Chandar Bingham, is an adult individual and former inmate of the Federal Correctional Institution, located in Minersville, Schuylkill County, Pennsylvania, who is currently an inmate at the United States Penitentiary, located in Pollock, Pollock County, Louisiana 71467.

11.     Plaintiff Maurice Pope, is an adult individual and former inmate of the Federal Correctional Institution, located in Minersville, Schuylkill County, Pennsylvania, who currently resides 1215 Meigs Place NE, Apt 4, Washington, D.C. 20032.

12.    The defendant herein is the United States of America and at all relevant times, was the party responsible for the management, supervision, and operation of the Federal Correctional Institution ("FCI Schuylkill"), located in Minersville, Schuylkill County, Pennsylvania, including the operation of all medical facilities and services provided therein.).

13.    Service may be perfected pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

### III.    FACTUAL BACKGROUND

14.    The basis for this action is the Defendant's failure to provide adequate medical care to inmates under its supervision and control at FCI Schuylkill.

15.    In particular, at all times relevant hereto, and upon information and belief, the defendant maintained an official but unwritten policy and practice of:

      a)     Not providing medical isolation facilities for inmates;

      b)     Not providing adequate screening  procedures for new inmates prior to admitting them to their cells;

      c)     Not providing medical care to inmates unless death appeared imminent;

      d)     Not providing and/or refusing to provide medical testing without a Court Order;

      e)     Refusing to acknowledge and/or denying the existence of infectious diseases at FCI Schuylkill;

      f)     Failing and/or refusing to provide basic sanitation for inmates; and

      g)     Failing to disclose and concealing the outbreak of infectious diseases at FCI Schuylkill.

16.    Between 2005 and 2006, Plaintiffs, all male inmates at FCI Schuylkill, became infected with Methicillin-resistant *Staphylococcus aureus* ("MRSA"), a specific strain of the

4

*Staphylococcus aureus* bacterium that has developed antibiotic resistance to all penicillins, including methicillin and other narrow-spectrum β-lactamase-resistant penicillin antibiotics.

17.    Because MRSA is drug resistant, it is difficult to treat.

18.    Further, inmates are subject to repeated infections because MSRA is present on virtually all surfaces in the prison and infection is spread by repeated contact. Depending on the location and severity of the infection, and the condition of the victim's immune system, MRSA can be fatal.

19.    Plaintiffs contracted MSRA because each Plaintiff was housed in a cell with or placed within close proximity to individuals who were infected with MRSA. After coming into contact with infected inmates, Plaintiffs developed painful boils and lesions which spread throughout their bodies affecting their skin and internal organs.

20.    However, at no time were Plaintiffs warned that there was an outbreak of MRSA in the prison, that they should take precautions not to have contact with infected inmates, and that they should not touch their own infections.

21.    After each Plaintiff observed their scars, abscesses, lesions and festering wounds and experienced great pain, they sought help from the prison staff and medical staff.

22.    Plaintiffs were each denied access to medical treatment, staff and personnel, despite their obvious and painful abscesses, scars, lesions and festering wounds in accordance with the above referenced unwritten policy. Instead, Plaintiffs were forced to care for themselves.

23.     Moreover, and also in accordance with the unwritten policy above, and despite the infectious nature of their illness, the Plaintiffs were not  quarantined or kept segregated from the remainder of the prison and staff.

24.     When finally afforded treatment, Plaintiffs were initially told that the sores were "spider bites, "bedsores", "pimples", and "allergies" and that they should treat themselves by rubbing their wounds with warm wash cloths.

25.     The treatment which was initially provided to Plaintiffs was inadequate.

26.     Because their wounds were neither diagnosed nor treated in a timely or proper manner, the MRSA infections spread throughout their bodies and Plaintiffs now suffer from permanent scars, continuing pain and permanent impairment of bodily functions.

27.     The Defendant was aware of the outbreak of MRSA at FCI Schuylkill yet failed to disclose to Plaintiffs or other inmates that there was a MSRA outbreak at the institution.

28.     Furthermore, despite the MRSA Containment guidelines set forth in the Federal Bureau of Prisons Practice Guidelines, which recommends and in some instances requires single cell housing for those infected with MRSA, Defendant did not follow its own recommendations and its failure to abide by its own guidelines caused Plaintiffs to become infected with MSRA.

## COUNT I

### PLAINTIFFS' NEGLIGENCE AND GROSS NEGLIGENCE CLAIMS AGAINST DEFENDANT

29.     The allegations of paragraphs 1-28 above are incorporated herein though fully set forth at length.

30.     Defendant was under a duty and had undertaken to provide supervision to FCI Schuylkill and was under a duty to provide a safe place for the Plaintiffs and to exercise care in protecting the safety and well-being of Plaintiffs.

31.     The Defendant through its agents, servants or employees negligently supervised FCI Schuylkill and its staff.

32.     Defendant failed and neglected to

    a)   provide independent supervision and oversight of FCI Schuylkill, the warden, the inmate living conditions and the medical staff and facilities;

    b)   adhere to Federal guidelines set up for testing, diagnosis, isolation and treatment of inmates with MRSA;

    c)   acknowledge that the inmate population, plaintiffs in particular, had compromised immune systems, and were especially susceptible to infections living in a closed damp, dirty prison lacking ventilation and with disease-laden showers;

    d)   warn inmates of the risk of contracting MRSA from inmates which the defendant knew or had reason to know had MRSA;

    e)   provide medical care to inmates unless imminent death was apparent; and

    f)   test for serious infections unless ordered by a court; and refusal to re-test inmates who were treated for MRSA

33.     Defendant was indifferent to and maliciously and/or willfully failed to warn Plaintiffs of the risks of contracting MRSA

34.     Defendant failed to segregate plaintiffs from inmates who had contracted MRSA and to diagnose and properly treat Plaintiffs once they contracted MRSA

35.     Defendants showed a reckless disregard for the safety and well-being of Plaintiffs.

7

36.     As a direct and proximate result of Defendant's negligence and gross negligence as aforesaid, and the hazardous conditions created thereby, Plaintiffs were caused and permitted to suffer extreme pain and permanent injury.

37.     The Defendant breached its express and/or implied contracts with Plaintiffs to protect them after the Plaintiffs were sentenced and housed in FCI Schuylkill.

38.     At all times relevant, the Warden of FCI Schuylkill was Ronnie R. Holt who along with various others Jane and John Does, was negligent, reckless, careless, failed to exercise due care in general, and showed a reckless disregard for Plaintiffs' safety, failed to protect Plaintiffs, failed to treat plaintiffs' injuries and violated prison policy and procedures, and otherwise failed to act appropriately under the circumstances.

**WHEREFORE,** Plaintiffs demand judgment for damages in an amount in excess of $75,000.00 together with interest, costs associated with this action, and such other and further relief as the Court may deem necessary and proper.

Respectfully submitted,

BY: _____
Jennifer M. McHugh
Arnold C. Joseph
Cozen O'Connor
1900 Market Street
Philadelphia Pennsylvania 19103
Telephone: (215) 665-5506
Facsimile: (877) 260-6237

Dated: 3/15/07

8

## **VERIFICATION**

I Maurice Pope am a Plaintiff in this action.  I verify that the statements made in the foregoing Complaint, which relate to me, are true and correct to the best of my knowledge, information and belief; and I understand that such statements are subject to the penalties of perjury.


*Maurice Pope 3/20/2007*
Maurice Pope