IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CALVIN DAVIS, RICARDO ROLON,      :
KIRK HENSON, DAVID HARVEY, JAMES  :
BROWN, CHANDAR BINGHAM, MAURICE   :
POPE,                             :
          Plaintiffs       :
                           :
    v.                          :   3:CV-07-0566
                           :   (JUDGE VANASKIE)
UNITED STATES OF AMERICA,         :
          Defendant        :

MEMORANDUM

Plaintiffs, several current and former inmates who were incarcerated in the Federal Correctional Institution Schuylkill, Pennsylvania ("FCI Schuylkill"), filed a complaint against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 1346.  The Complaint alleges negligence in the administration of the institution as well as negligent medical care of the inmates occurring during 2005 and 2006.  The United States has filed a motion to dismiss based on failure to file a "certificate of merit" within sixty (60) days of the filing of the Complaint.  (Dkt. 34.)[1]  Because the certificate of merit requirement imposed by Pennsylvania Rule of Civil Procedure 1042.3 applies as substantive law to Plaintiffs' claims under the FTCA, Defendant's Motion to Dismiss will be granted, but Plaintiffs will be given

_____

[1] For the convenience of the reader of this Memorandum opinion in electronic form, hyperlinks to the Court's record and to authority cited herein have been inserted.  No endorsement of any provider of electronic resources is intended by the use of hyperlinks.

leave to file an amended complaint limited to claims of negligence based upon conduct of Bureau of Prisons' employees who are not healthcare professionals.

I. Background

Plaintiffs, eight former or current inmates who were housed at FCI Schuylkill between 2005 and 2006, filed the current action in this Court on March 26, 2007. (Complaint, Dkt. 1.)  The Complaint asserts that the "basis for this action is the Defendant's failure to provide adequate medical care to inmates under its supervision and control at FCI Schuylkill." (Id. at ¶ 14.)

Between 2005 and 2006, Plaintiffs became infected with Methicillin-resistant Staphylococcus Aureus ("MRSA").[2] (Id. at ¶ 16.)  Plaintiffs allege that they "contracted MSRA because each Plaintiff was housed in a cell with or placed within close proximity to individuals who were infected with MRSA." (Id. at ¶ 19.)  As a result, Plaintiffs developed "painful boils and lesions which spread throughout their bodies affecting their skin and

_____

[2]  The United States Department of Health and Human Services Center for Disease Control and Prevention describe MSRA as "a type of staph that is resistant to certain antibiotics" including "methicillin and other more common antibiotics such as oxacillin, penicillin, and amoxicillin." Department of Health & Human Services, Centers for Disease Control & Prevention, Community-Associated Methicillin Resistant *Staphylococcus aureus (CA-MRSA)*, http://www.cdc.gov/ncidod/dhqp/ar_mrsa_ca.html (last visited Mar. 25, 2009). "MRSA infections that are acquired by persons who have not been recently (within the past year) hospitalized or had a medical procedure . . . are known as CA-MRSA infections. Staph or MRSA infections in the community are usually manifested as skin infections, such as pimples and boils, and occur in otherwise healthy people." Id.

internal organs" and that they observed "scars, abscesses, lesions and festering wounds" which caused them to seek help from prison and medical staff.  (Id.)

The Complaint alleges that there was an official, but unwritten, policy and practice of:

a) Not providing medical isolation facilities for inmates;
b) Not providing adequate screening procedures for new inmates prior to admitting them to their cells;
c) Not providing medical care to inmates unless death appeared imminent;
d) Not providing and/or refusing to provide medical testing without a Court Order;
e) Refusing to acknowledge and/or denying the existence of infectious diseases at FCI Schuylkill;
f) Failing and/or refusing to provide basic sanitation for inmates; and
g) Failing to disclose and concealing the outbreak of infectious diseases at FCI Schuylkill.

(Id. at ¶ 15.)   In support of these assertions, Plaintiffs aver that they were each forced to care for themselves because they were "denied access to medical treatment, staff, and personnel, despite their obvious and painful abscesses, scars, lesions and festering wounds." (Id. at ¶ 22.)  Plaintiffs additionally allege that FCI Schuylkill was aware of the MRSA outbreak, but that prisoners were not warned of the outbreak, were not told to refrain from contact with the infected inmates, were not told to avoid touching their own infections, and were not quarantined or kept segregated from uninfected inmates and staff.  (Id. at ¶¶ 20, 23, 27.)  Plaintiffs also allege that the Warden of FCI-Schuylkill and other prison administrators failed to abide by Bureau of Prisons Practice Guidelines on MRSA Containment, as a result of which Plaintiffs were infected with MRSA.  (Id. at ¶ 28.)

3

Plaintiffs specifically allege that the FCI-Schuylkill Warden was negligent.  (Id. at ¶ 38.)

When Plaintiffs' ailments were treated, Plaintiffs allege that they were initially told to treat themselves by rubbing the wounds with warm wash cloths and that the sores were "spider bites," "bedsores," "pimples," and "allergies."  (Id. at ¶ 24.)  As a result of the alleged improper diagnosis, Plaintiffs maintain that they were not treated in a timely manner and the MRSA infections spread through their bodies, resulting in permanent scars, continued pain, and permanent impairment of bodily functions.  (Id. at ¶ 26.)

Plaintiffs' Complaint asserts jurisdiction in this Court pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 1346, 28 U.S.C.A. § 2671, and 28 U.S.C.A. § 2675.  (Id. at ¶ 1.) Plaintiffs filed this action on March 26, 2007, after the claims had been presented to the Northeast Regional Office of the Federal Bureau of Prisons in June 2006, and denied in January 2007.  (Id. at ¶ 2.)  The Complaint includes one count, entitled "Plaintiffs' Negligence and Gross Negligence Claims Against Defendant."  (Id. at ¶ 29.)  Plaintiffs aver that Defendant was under a duty to exercise care in protecting the safety and well-being of Plaintiffs and that they, through agents, servants, or employees, negligently supervised FCI Schuylkill and its staff by failing to:

> a) provide independent supervision and oversight of FCI Schuylkill, the
> warden, the inmate living conditions and medical staff and facilities;
> b) adhere to Federal guidelines set up for testing, diagnosis, isolation and
> treatment of inmates with MRSA;
> c) acknowledge that the inmate population, plaintiffs in particular, had
> compromised immune systems, and were especially susceptible to infections

4

living in a closed damp, dirty prison lacking ventilation and with disease-laden
showers;
d) warn inmates of the risk of contracting MRSA from inmates which the
defendant knew or had reason to know had MRSA;
e) provide medical care to inmates unless imminent death was apparent; and
f) test for serious infections unless ordered by a court; and refusal to re-test
inmates who were treated for MRSA.

(Id. at ¶¶ 30-32.)

Defendant filed the current Motion to Dismiss on June 4, 2008. Defendant argues

that Plaintiffs' failure to comply with Pa. R. Civ. P. 1042.3, by not filing a certificate of merit

("COM"), dictates that the Complaint be dismissed. (Dkt. 34.) The Motion to Dismiss has

been fully briefed and is ripe for review.

II.     DISCUSSION

        A. Standard of Review

        The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to

"determine whether, under any reasonable reading of the pleadings, the plaintiffs may be

entitled to relief." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In

doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed

to be true. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "The complaint will be deemed

to have alleged sufficient facts if it adequately puts the defendants on notice of the essential

elements of the cause of action." Id.

        The court, however, need not accept as true a complaint's "bald assertions" or "legal

conclusions." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pled facts, but rather tests the legal foundation of the plaintiff's claims.  United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989).  The Supreme Court recently abrogated its longstanding decision in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which had held that a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  The Court retired this "no set of facts" language in favor of a new standard: a plaintiff's obligation to state a claim for relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  As a result of Twombly, plaintiffs must now nudge their claims "across the line from conceivable to plausible."  Id.  To state a claim consistent with the language of Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations sufficient enough "to raise a right to relief above a speculative level."  Id. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).

6

B. Applicability of Pennsylvania Rule of Civil Procedure 1042.3

Under Pennsylvania law, a party filing an "action based upon an allegation that a

licensed professional deviated from an acceptable standard," Pa R. Civ. P. 1042.3(a)

(emphasis added), must file a COM signed by the party or the party's attorney that attests

to the fact that

> an appropriate licensed professional has supplied a written statement that
> there exists a reasonable probability that the care, skill or knowledge
> exercised or exhibited in the treatment, practice or work that is the subject of
> the complaint, fell outside acceptable professional standards and that such
> conduct was a cause in bringing about the harm.

Pa. R. Civ. P. 1042.3(a)(1) (emphasis added).  If a plaintiff fails to file the required certificate

within sixty (60) days of filing the complaint, defendants may file a praecipe for entry of

judgment of non pros.  See Pa. R. Civ. P. 1042.6.  "[T]he sixty-day deadline for filing a COM

will be strictly construed and not lightly excused . . . ."[3]  Stroud v. Abington Mem'l Hosp.,

546 F. Supp. 2d 238, 250 (E.D. Pa. 2008). Over sixty (60) days have elapsed since the

filing of the Complaint, and Plaintiffs have not submitted a Rule 1042.3 certificate of merit.

The sole basis for Plaintiffs' only count, "Negligence and Gross Negligence," is the

---

[3] Federal procedural rules do not provide for a judgment of non pros or any similar
form of procedural dismissal by a federal court clerk.  "Rather, the proper procedure in
federal practice is to file with the Court a motion pursuant to Fed. R. Civ. P. 12(b) to dismiss
the professional negligence claim without prejudice." Stroud v. Abington Mem'l Hosp., 546
F. Supp. 2d 238, 250 (E.D. Pa. 2008) (citing Breshnahan v. Schenker, 498 F. Supp. 2d 758,
762-63 (E.D. Pa. 2007); McElwee Group v. Mun. Auth. of Borough of Elverson, 476 F.
Supp. 2d 472, 475 (E.D. Pa. 2007)).

FTCA, 28 U.S.C.§ 1346.[4]  (Dkt. 1.)  The FTCA permits litigation against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C.A § 1346(b); United States v. Muniz, 374 U.S. 150, 152 (1963).  "The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates."  Lopez, 2008 WL 4415585, at *1 n.2 (citing Muniz, 374 U.S. at 150).  "A federal district court addressing an FTCA action must apply the law of the state . . . in which the alleged tortious conduct occurred."  Lopez, 2008 WL 4415585, at *13 (citing 28 U.S.C.A. § 1346(b); Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Dep't of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987)).

Since application of the law of the state is the required standard, a plaintiff pursuing

---

[4] It is significant to note that Plaintiffs' pleadings do not contain any constitutional claims against individual employees of the Bureau of Prisons.  Namely, Plaintiffs have not pled an Eighth Amendment claim for denial of proper medical care by an individual medical staff member at the prison, even though Plaintiffs aver that "[t]he basis for this action is the Defendant's failure to provide adequate medical care to inmates under its supervision and control at FCI Schuylkill." (Dkt. 1, at ¶ 14.)  To prove a constitutional violation, Plaintiffs would have to proffer evidence of "'deliberate indifference to serious medical needs of prisoners' which constitutes 'unnecessary and wanton infliction of pain.'"  Lopez v. Brady, Civ. No. 4:cv-07-1126, 2008 WL 4415585, at *11 (M.D. Pa. Sept. 25, 2008).  Although Plaintiffs have pled that "Defendant was indifferent to and maliciously and or willfully failed to warn Plaintiffs of the risks of contracting MRSA," the Complaint fails to specifically plead any Eighth Amendment violations.  (See Dkt. 1, at ¶ 33.)

8

a claim under the FTCA must comply with Pennsylvania substantive law. Arrington v. Inch, No. 1:05cv0245, 2006 WL 860961, at *7 (M.D. Pa. Mar. 30, 2006). The Third Circuit and numerous district courts in the Third Circuit have recognized that Rule 1042.3, and New Jersey's similar affidavit of merit statute, are substantive laws and should be applied by federal courts under federal question, supplemental, and diversity jurisdiction. See Iwanejko v. Cohen & Grigsby, P.C., 249 Fed. App'x 938, 943-44 (3d Cir. 2007) (the district court "correctly applied Rule 1042.3 as substantive state law" in a negligence claim arising under supplemental jurisdiction); Bramson v. Sulayman, 251 Fed. App'x 84, 87 n.2 (3d Cir. 2007) (finding that the application of New Jersey's affidavit of merit statute was required in a claim in which jurisdiction rested on the FTCA); Stroud, 546 F. Supp. 2d at 248 ("Federal courts in Pennsylvania have uniformly held that the COM requirement is a substantive rule of law that applies in professional liability actions proceeding in federal court."); Maruca v. Hynick, Civ. A. No. 3:06cv689, 2007 WL 675038, at *5 (M.D. Pa. Feb. 27, 2007) (finding "[t]he certificate of merit requirement of Pa. R. Civ. P. 1042.3 applies in a case pleading a claim for medical malpractice, whether the case is filed in state or federal court" in a claim arising under supplemental jurisdiction); Chamberlain v. Giampapa, 210 F.3d 154, 158-61 (3d Cir. 2000) (finding that the New Jersey affidavit of merit statute is "substantive state law that must be applied by federal courts sitting in diversity"). District courts in Pennsylvania have recognized the force of the conclusion that the COM requirement applies in FTCA

actions.  See Santee v. United States, Civ. A. No. 3:cv-07-2207, 2008 WL 4426060, at *3 (M.D. Sept. 30, 2008); Boyd v. United States, No. 05-2033, 2006 WL 2828843, at *5-*6 (M.D. Pa. Sept. 29, 2006); Booker v. United States, Civ. No. 07-1960, 2009 WL 90129, at *3 (M.D. Pa. Jan. 14, 2009).

In a very similar case to that pled here, the Honorable William J. Nealon, in Santee, 2008 WL 4426060, at *3, held that "[b]ased on the Third Circuit Court of Appeals decisions in Iwanejko and Chamberlain and the many District Court opinions . . . it is determined that Rule 1042.3 is substantive law to be applied in the present case."  In Santee, plaintiff's action was brought pursuant to the FTCA, and averred that "the care he received from prison medical staff for his diabetes condition and resultant wounds was negligent and that as a result, he had to have multiple amputations of his lower right extremity, rendering him disabled."  Santee v. United States, Civ. A. No. 3:cv-07-2207, 2008 WL 4426088, at *1 (M.D. Pa. May 8, 2008) (report and recommendation).  Judge Nealon dismissed the action as Plaintiff had failed to file a COM as required by Rule 1042.3.  As in Santee, Rule 1042.3 is applicable to the current claims under the FTCA.

Plaintiffs' reliance on D.V. v. Westmoreland County Children's Bureau, Civ. A. No. 07-829, 2008 WL 612744 (W.D. Pa. Mar. 3, 2008), is misplaced.  In D.V., the plaintiff's claim was based on violation of First and Fourteenth Amendment rights, not negligence.  Id. at *1.  The D.V. court emphasized the distinction between plaintiff's constitutional claim and

actions founded on state law tort principles, such as negligence.  Id.  ("the standards for determining a violation of the United States Constitution differ from those for determining whether a defendant has committed a tort actionable under state law").  In the current situation, Plaintiffs' claims are premised on state tort law, not constitutional law, and thus D.V. is distinguishable.

The Third Circuit's holding in Iwanejko, and the recognition of that holding as applicable to FTCA actions, compel a finding that the COM requirement under Pennsylvania Rule 1042.3 is a substantive legal requirement that applies to claims for medical malpractice or medical negligence under the FTCA.  See Santee, 2008 WL 4426060, at *3; Lopez, 2008 WL 4415585, at *14; Boyd, 2006 WL 2828843, at *5-*6; Booker, 2009 WL 90129, at *3. Thus, Plaintiffs' failure to file a COM requires dismissal of those claims that are based upon alleged negligence in the diagnosis and treatment of their MRSA infections.

C. Plaintiffs' Negligence Claim

Plaintiffs argue that, even if Rule 1042.3 applies to a FTCA claim alleging medical negligence, a COM is not required to the extent that the Complaint seeks recovery for "ordinary negligence" and not for medical malpractice.  Plaintiffs assert that, in any event, they must "be allowed to proceed with their ordinary negligence claims."  (Dkt. 38, at 7 n.2.) Defendant disputes Plaintiffs' assertion that they have presented negligence claims that fall outside the purview of the COM requirement.

"'[A] court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience.'" Smith v. Friends Hosp., 928 A.2d 1072, 1075-76 (Pa. Super. Ct. 2007) (quoting Ditch v. Waynesboro Hosp., 917 A.2d 317, 321-22 (Pa. Super. Ct. 2007)).  Clearly, Plaintiffs have asserted some claims that arise out of a relationship with a healthcare professional.

The Pennsylvania Superior Court in Smith determined that "where a complaint is predicated upon facts constituting medical treatment, that is, when it involves diagnosis, care and treatment by licensed professionals, the action must be characterized as a professional negligence action." Smith, 928 A.2d at 1076.  Moreover, the Third Circuit has found that "[a] complaint 'sounds in malpractice' where 'the conduct at issue constituted an integral part of the process of rendering medical treatment.'" Iwanejko, 249 Fed. App'x at 944 (quoting Ditch, 917 A.2d at 322).

Paragraph fourteen (14) of Plaintiffs' Complaint asserts that "[t]he basis for this action is the Defendant's failure to provide adequate medical care to inmates under its supervision and control at FCI Schuylkill." (Dkt. 1, at ¶ 14.)  Plaintiffs' Complaint proffers numerous allegations of specific breaches of professional standards.  For example,

12

Plaintiffs allege that the "treatment which was initially provided . . . was inadequate." (Id. at ¶ 25.)  Plaintiffs' Complaint also alleges that "[b]ecause [Plaintiffs'] wounds were neither diagnosed nor treated in a timely or proper manner, the MRSA infections spread throughout their bodies and Plaintiffs now suffer from permanent scars, continuing pain and permanent impairment of bodily functions." (Dkt. 1, at ¶ 26.)  Again, this claim, involving proper diagnosis and treatment, involves alleged deviation from standards of care applicable to healthcare professionals.

But the Complaint also alleges negligence on the part of prison officials who are not healthcare professionals.  For example, the Complaint charges the Warden with negligent failure to follow BOP guidance on MRSA containment.  (Id. at ¶ 28.)  Plaintiffs also allege negligent failure to warn of the risks of contracting MRSA from other inmates.  (Id. at ¶ 20.) Prison administrators, like the Warden, are charged with the duty of providing a reasonably safe place of confinement.  Such a duty may be breached where a prison administrator allows unsanitary conditions to exist such that inmates become infected by contagious diseases.  To be sure, expert testimony may be needed to show breach of the duty of care and causation.  But the COM rule is not applicable in any case where expert testimony is required.  It pertains only where the claim is based upon the negligence of a licensed professional.  Thus, to the extent that Plaintiffs seek recovery for the negligence of prison administrators in connection with the operation of the institution, their failure to supply a

13

COM is not fatal.  See Robus v. Pennsylvania Dep't of Corrs., Civ. A. No. 04-2175, 2006 WL 2060615, at *11 (E.D. Pa. July 20, 2006).

Plaintiffs have requested that if this Court finds that a COM is applicable to the current action, only those claims for medical malpractice be dismissed. (Dkt. 38, at 7 n.2.) Plaintiffs have presented a single-count complaint in which claims of both ordinary negligence and professional negligence are interwoven.  Untangling these claims would be problematic.  Under the circumstances, Plaintiffs should be required to file a new pleading that is confined to claims arising from the alleged negligence of those federal employees who are not healthcare professionals.  To the extent that Plaintiffs transgress this limitation, Defendant will be able to challenge the justiciability of a specific claim.  Thus, Defendant's Motion to Dismiss will be granted, but Plaintiffs will be afforded the opportunity to file an amended complaint asserting negligence claims that do not involve actions of healthcare professionals.[5]  An appropriate order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

---

[5]  It bears observation that Defendant has raised only the COM bar in its Motion to Dismiss.  Whether the claim of negligence in the operation of the prison falls within some exception to FTCA liability conferred by 28 U.S.C. § 2680 is not before the Court at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CALVIN DAVIS, RICARDO ROLON,      :
KIRK HENSON, DAVID HARVEY, JAMES  :
BROWN, CHANDAR BINGHAM, MAURICE   :
POPE                              :
              Plaintiffs          :
                                  :
      v.                          :        3:CV-07-0566
                                  :        (JUDGE VANASKIE)
UNITED STATES OF AMERICA,         :
              Defendant           :

ORDER

        NOW THIS 31st DAY OF MARCH 2009, for the reasons set forth in the foregoing

Memorandum, IT IS HEREBY ORDERED THAT:

        1. Defendant's Motion to Dismiss (Dkt. 34) is GRANTED.

        2. Within twenty (20) days from the date of this Order, Plaintiffs shall file an amended

complaint limited to claims of negligence that do not involve a breach of standards

applicable to licensed healthcare professionals.

        3. Failure to file an amended complaint will result in the dismissal of this action.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge