IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALVIN DAVIS;** <br> **RICARDO ROLON;** <br> **CARLOS REYES;** <br> **KIRK HENSON;** <br> **DAVID HARVEY;** <br> **JAMES BROWN;** <br> **CHANDAR BINGHAM; and** <br> **MAURICE POPE,** <br><br> **Plaintiffs** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> **Defendant** | **CIVIL NO. 3:07-CV-0566** <br><br> **(Judge Rambo)** |

# **M E M O R A N D U M**

## **I.    Background**

By order dated December 14, 2010 (doc. 84), Plaintiff Chandar Bingham, now proceeding pro se, was given until January 17, 2011, to file, out of time, objections to the report and recommendation of the magistrate judge to whom this matter was referred. On December 30, 2010, Plaintiff filed his objections (doc. 85). The Government filed a response to the objections on January 10, 2011 (doc. 86), and the matter is ripe for disposition.

## **II.    Discussion**

### **A. Standard of Review**

Plaintiff argues that the magistrate judge did not take into consideration any of the depositions or medical records obtained by the parties during discovery prior to making his recommendation. These documents would have been pertinent to

the merits of the claim. The issue addressed by the magistrate judge, however, was whether the discretionary function exception to the FTC was applicable to the case and, therefore, whether this court had jurisdiction. The depositions and medical records were not pertinent to this issue.

### B. Susceptibility to Policy Analysis

Plaintiff claims that the magistrate judge ignored facts and law in his application of the policy analysis and that in doing so "invoked arguments not proficiently utilized by defendants." (Doc. 85 at p. 4.) In determining whether the discretionary function exception applied to this case, the magistrate judge analyzed the Supreme Court's two-part test for whether particular government acts fall under the discretionary-function exception. Under case law, the magistrate judge determined that "the first question is whether the acts 'involv[e] an element of judgment or choice,' " citing *United States v. Gaubert*, 499 U.S. 315, 322 (1991). (Report and Recommendation at p. 8.) The magistrate judge was not satisfied with the arguments made by either Plaintiff or defendants on the issue of judgment or choice and addressed this element by quoting "[t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Gaubert* at 325. The magistrate judge went on to analyze the conduct at issue applying the aforesaid approach.

Plaintiff argues that the conduct at issue in this case was not of a sort where there was room for discretionary function, citing Bureau of Prison policies regarding isolation, information, and screening. In a detailed and thorough analysis, the magistrate judge concluded the conduct was within the discretionary function. Plaintiff's objections to the report and recommendation do not in any way support a different conclusion from that detailed analysis.

2

### C. Expert Witnesses

Plaintiff argues that the finding by the magistrate judge that an expert witness was necessary for Plaintiffs to prevail on the issue of proximate causation is in error because the Bureau of Prisons can provide the expertise that is necessary. As Defendant points out in its brief in opposition to Plaintiff's objections to the report and recommendation (doc. 86 at p. 5), this evidence was never pursued in any discovery and is otherwise not available at this stage of the proceedings or in the future as discovery is closed.

### III.     Conclusion

Plaintiff's objections will be overruled. An appropriate order will be issued.

                                                      s/Sylvia H. Rambo
                                                      United States District Judge

Dated: January 12, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALVIN DAVIS;** <br> **RICARDO ROLON;** <br> **CARLOS REYES;** <br> **KIRK HENSON;** <br> **DAVID HARVEY;** <br> **JAMES BROWN;** <br> **CHANDAR BINGHAM; and** <br> **MAURICE POPE,** <br><br> **Plaintiffs** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> **Defendant** | **CIVIL NO. 3:07-CV-0566** <br><br> **(Judge Rambo)** |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's objections to the report and recommendation are overruled.

2) The December 14, 2010 stay of the entry of judgment as to Plaintiff Chandar Bingham is lifted.

3) The order of July 12, 2010 is reinstated and judgment remains entered in favor of Defendant and against all Plaintiffs.

4) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

5) The Clerk of Court shall close the file.

s/Sylvia H. Rambo
United States District Judge

Dated: January 12, 2011.